[No. 84675-8.   En Banc.]
Argued May 26, 2011.     Decided August 18, 2011.

CITIZENS FOR RATIONAL SHORELINE PLANNING ET AL., *Petitioners*, v. WHATCOM COUNTY ET AL., *Respondents*.

*Dannon C. Traxler* (of *Langabeer & Tull PS*), for petitioners.

*David S. McEachran, Prosecuting Attorney,* and *Karen Frakes* and *Royce S. Buckingham, Deputies;* and *Robert M. McKenna, Attorney General,* and *Kelly T. Wood* and *Katharine G. Shirey, Assistants,* for respondents.

*Brian T. Hodges* on behalf of Pacific Legal Foundation, amicus curiae.

*Charles A. Klinge* on behalf of the Building Industry Association of Whatcom County, amicus curiae.

¶1 C. JOHNSON, J. — This case involves a question of whether RCW 82.02.020, which generally prohibits local governmental bodies from imposing taxes or fees on development, applies to shoreline master programs (SMP) created pursuant to the Shoreline Management Act of 1981 (SMA), chapter 90.58 RCW. Members of the Citizens for Rational Shoreline Planning (CRSP) own land regulated under Whatcom County's SMP. The group filed a complaint alleging, in part, that the regulations contained in the SMP constitute a direct or indirect tax, fee, or charge on development in violation of RCW 82.02.020. The superior court dismissed the claim under CR 12(b)(6) for failing to state a claim for which relief may be granted. Division One of the Court of Appeals affirmed the superior court, holding that the State's involvement in the creation and adoption of Whatcom County's SMP was so pervasive as to make the County's SMP a state action not subject to RCW 82.02.020. We affirm the Court of Appeals.

## FACTS

¶2 Under the SMA, each county is required to adopt and administer a local shoreline master program, which regulates uses and development on shorelines located within the county. Whatcom County's original SMP was approved by the Department of Ecology (Ecology) in 1976. Since its inception, the county's SMP was amended in 1986, 1993, and 1998. Clerk's Papers (CP) at 68. In 2003, Ecology adopted new SMP guidelines. Pursuant to the SMA, Whatcom County was required to review and update its 1998 SMP to ensure compliance with Ecology's newest guidelines.[1] In 2004, Whatcom County initiated the process of

---

[1] RCW 90.58.080(1) states, "Local governments shall develop or amend a master program for regulation of uses of the shorelines of the state consistent with the required elements of the guidelines adopted by the department in accordance with the schedule established by this section." Additionally, RCW 90.58.080(2)(a)(i) requires certain counties—including Whatcom County—to develop or amend their SMPs before December 1, 2005 to ensure consistency with Ecology's guidelines.

amending its SMP. Over the next three years, the county gathered input from technical advisory groups, held open public meetings and workshops, and released proposed drafts of the SMP for public review and comment. In 2007, the county council adopted Whatcom County Ordinance 2007-017, which amended its existing SMP. Whatcom County then forwarded its package of amendments to Ecology for review. CP at 67-72.

¶3 After a public hearing and comment period, Ecology provided Whatcom County with 13 pages of mandatory revisions to the proposed SMP and two pages of recommended changes. In August 2008, the county notified Ecology that it accepted Ecology's proposed changes. Under the SMA, this notification of agreement made Whatcom County's SMP final.[2] CP at 75-91, 104.

¶4 In October 2008, members of the CRSP filed a complaint in Skagit County Superior Court alleging that Whatcom County's SMP imposed direct or indirect taxes, fees, or charges in violation of RCW 82.02.020. CRSP noted that certain aspects of the County's newly amended SMP were identical to aspects contained in the Whatcom County Critical Areas Ordinance (CAO). CRSP specifically pointed to the SMP's buffer zone provisions, which prohibit construction within 150 feet of shoreline streams and marine shores, 100 feet from certain large lakes, and between 25 to 300 feet from wetlands.[3] CRSP also noted that the SMP limits the buildable area of structures located on nonconforming lots within the SMP's shoreline buffer zones to 2,500 square feet.[4]

¶5 Shortly after CRSP filed its complaint, Ecology intervened on behalf of the County (together, the State). The

---

[2] RCW 90.58.090(2)(e)(i) ("The receipt by the department of the written notice of agreement constitutes final action by the department approving the amendment.").

[3] *See* Whatcom County Code (WCC) 16.16.630.

[4] *See* WCC 23.50.070(K)(2).

State moved to dismiss CRSP's complaint under CR 12(b)(6), arguing that SMPs are state, not local, regulations, thereby rendering RCW 82.02.020 inapplicable. The superior court agreed and dismissed CRSP's complaint. CP at 113-22, 165-66.

¶6 CRSP appealed to Division One. CRSP offered several arguments to the appellate court essentially focusing on why SMPs are local regulations subject to RCW 82.02.020. The Court of Appeals disagreed. Relying on the statutory scheme embodied in the SMA and our holdings in *Orion Corp. v. State*, 109 Wn.2d 621, 747 P.2d 1062 (1987), and *Biggers v. City of Bainbridge Island*, 162 Wn.2d 683, 169 P.3d 14 (2007), the Court of Appeals held that the State's significant involvement in the process of developing SMPs precluded a claim under RCW 82.02.020. *Citizens for Rational Shoreline Planning v. Whatcom County*, 155 Wn. App. 937, 230 P.3d 1074 (2010).

## ISSUE

¶7 Whether SMPs constitute local government regulations subject to RCW 82.02.020's prohibition on taxes, fees, or charges.

## ANALYSIS

■■ ¶8 The superior court here granted the State's CR 12(b)(6) motion and dismissed CRSP's complaint for failure to state a claim upon which relief may be granted. A CR 12(b)(6) motion is properly granted when it appears from the face of the complaint that the plaintiff would not be entitled to relief even if he proves all the alleged facts supporting the claim. A trial court's ruling on a CR 12(b)(6) motion presents a question of law that we review de novo. *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007) (citing *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998)).

¶9 Under RCW 82.02.020, the State, with limited exceptions, preempts the field of certain tax impositions. As relevant to our present case, RCW 82.02.020 states:

> Except as provided in RCW 64.34.440 and 82.02.050 through 82.02.090, no county, city, town, or other municipal corporation shall impose any tax, fee, or charge, either direct or indirect, on the construction or reconstruction of residential buildings, commercial buildings, industrial buildings, or on any other building or building space or appurtenance thereto, or on the development, subdivision, classification, or reclassification of land.

Restrictions or conditions on the development of land may amount to an indirect tax, fee, or charge. However, according to the statute's plain text, RCW 82.02.020 applies only to taxes, fees, or charges imposed by local political subdivisions, not the state. *Isla Verde Int'l Holdings, Inc. v. City of Camas*, 146 Wn.2d 740, 49 P.3d 867 (2002); *Citizens' Alliance for Prop. Rights v. Sims*, 145 Wn. App. 649, 187 P.3d 786 (2008), *review denied*, 165 Wn.2d 1030 (2009).

¶10 CRSP's complaint alleged that the buffer zone and buildable lot size restrictions in Whatcom County's amended SMP constitute a "facial violation" of RCW 82.02.020.[5] CRSP advances two primary arguments. First, CRSP argues that the process by which an SMP is created requires significant local government involvement, thereby bringing SMP restrictions under the scope of RCW 82.02.020. For support, CRSP points to a specific section of the SMA and also to Ecology's administrative code. As additional support, CRSP argues that the Court of Appeals inappropriately relied on this court's precedent because legislative amendments in 1995 undermined the rationale of our holdings. Second, CRSP presents a narrower argument that several specific aspects of the County's SMP—namely its buffer zones and buildable lot size restrictions—

---

[5] CRSP does not challenge the imposition of SMP restrictions on any specific parcel of land or any particular development. Essentially, CRSP seeks declaratory relief that local government SMPs are subject to RCW 82.02.020.

are subject to RCW 82.02.020 because these particular restrictions mirror restrictions in Whatcom County's CAO.[6]

¶11 To begin, CRSP argues that the process in which an SMP is adopted shows that such regulations are inherently local activity subject to RCW 82.02.020. CRSP asserts that the SMA requires extensive involvement from local jurisdictions when creating an SMP. CRSP relies on a statute within the SMA, RCW 90.58.080(1), which states, *"Local governments* shall develop or amend a master program for regulation of uses of the shorelines . . . ." (Emphasis added.) CRSP also notes that Ecology's administrative code suggests that local government involvement is necessary for an SMP to conform to local conditions. WAC 173-26-171(2) (stating the SMA's purpose is to implement a " 'cooperative program . . . between local government and the state' " and that "[l]ocal government shall have the primary responsibility for initiating the planning required by the [SMA]").

¶12 In response, the State argues that the ultimate control over the process and contents of an SMP resides with Ecology. The State asserts that the SMA governs nearly every aspect of the adoption and amendment of SMPs and this determinatively shows that SMPs are the product of state action. We agree.

¶13 The SMA creates a comprehensive statutory framework dictating that Ecology retains control over the final contents and approval of SMPs. The SMA establishes specific schedule dates for jurisdictions to develop SMPs and mandates Ecology to create SMPs for noncomplying jurisdictions through an administrative process. *See* RCW 90.58.070. The SMA also details specific guidelines with

---

[6] CRSP also contends that the circumstances surrounding the adoption of the SMA further back its arguments. CRSP asserts that two different versions of the SMA were submitted to Washington's voters in 1972—one purportedly provided for a local regulatory scheme and the other supposedly provided for a state-level regulatory scheme. We reject this argument because CRSP does not offer any legal authority establishing why a version of the SMA not passed by the voters can determine the scope of the version of the SMA that voters approved and that is presently before this court.

which an SMP must conform. *See* RCW 90.58.060, .100. As empowered by the SMA, Ecology retains sole authority to review and accept a local jurisdiction's proposed SMP; a process that involves Ecology's providing public notice, a comment period, and potentially holding public hearings. *See* RCW 90.58.090(2)-(6). Notably, Ecology is not required to give any deference to a local jurisdiction's SMP during review or acceptance if the proposed SMP does not conform to Ecology's established guidelines. RCW 90.58.090(7).[7]

¶14 In this case, although Whatcom County engaged in a lengthy process of formulating its SMP—the county consulted local groups potentially affected by the new regulations, held public meetings, and solicited comments—this process did not intrinsically make the SMP a product of local government. The SMA encourages local jurisdictions, such as Whatcom County, to formulate SMPs to meet particular local conditions. But this process is done in the shadow of Ecology's control. The SMA provides Ecology with stringent oversight authority and command over the final contents of any jurisdiction's SMP. The involvement of local jurisdictions in the SMP process is a benevolent gesture by the state. Ultimately, state law directed Whatcom County to act by a certain date, created the overarching framework with which Whatcom County's SMP must comply, and left final approval of the county's SMP in the hands of Ecology. Although Whatcom County initially adopted its SMP by ordinance, this was merely a perfunctory step because its SMP did not become final under the SMA until Ecology received notification that Whatcom County accepted Ecology's mandatory revisions. *See* RCW 90.58-.090(1) ("A master program, segment of a master program,

---

[7] Ecology also plays a part in enforcing an SMP after final approval. A party seeking to develop shoreline areas may apply for one of three types of permits: a conditional use permit, a variance, or a substantial development permit. Ecology retains authority to issue final approval for conditional use permits and variances. *See* RCW 90.58.140(10). The third type of permit—substantial development permits—must be forwarded to Ecology, which then may appeal the issuance of the permit. *See* RCW 90.58.140(6).

or an amendment to a master program shall become effective when approved by the department."); RCW 90.58-.090(2)(e)(i) ("[R]eceipt by the department of the written notice of agreement constitutes final action by the department approving the amendment."). In short, although Whatcom County was encouraged to tailor its SMP according to local conditions and needs, the SMP was subject to Ecology's mandatory review, revision, and approval as a condition precedent to the SMP's taking effect. This is sufficient to show that Whatcom County's SMP was not the product of local government and therefore is not subject to RCW 82.02.020.

¶15 This conclusion is supported by our prior holdings. In *Orion*, a local government's SMP classified the petitioner's tidal property as " 'aquatic.' " *Orion*, 109 Wn.2d at 628. Since this designation precluded the petitioner's intended use of the property, the petitioner alleged a regulatory taking against both the state and the local county. In addressing the regulatory taking issue, we looked to determine which government, state or local, bore responsibility for the alleged taking. In holding the trial court erred when denying the local county's motion to dismiss, we noted, "In developing [its SMP], the County acted under the direction and control of the State." *Orion*, 109 Wn.2d at 643. Consequently, we held the State must take responsibility for any taking that occurs as a result of the regulations contained in the county's SMP. *Orion* is precedent for our present case, which also asks the question of which party, the state or the local jurisdiction, bears responsibility for an SMP.

¶16 CRSP contends that *Orion* is no longer instructive given certain amendments to the Growth Management Act (GMA), chapter 36.70A RCW. CRSP specifically points to a 1995 amendment to RCW 36.70A.480(1), which discusses the goals and policies of the GMA concerning shorelines of the state: "[P]ortions of the [SMP] for a county or city adopted under chapter 90.58 RCW, including use regulations, *shall be considered a part of the county or city's*

*development regulations.*" (Emphasis added.) CRSP further asserts that an amendment made to Ecology's administrative code supports its argument:

Planning policies [of the SMA] should be pursued through the regulation of development of private property only to an extent that is consistent with all relevant constitutional and other legal limitations (*where applicable, statutory limitations such as those contained in chapter 82.02 RCW . . .*) on the regulation of private property.

WAC 173-26-186(5) (emphasis added). The State responds by noting that neither amendment alters the significant amount of state involvement in the process of creating or amending an SMP.

¶17 The 1995 amendment to RCW 36.70A.480(1) was part of a broad package of amendments affecting the GMA and, to a much smaller degree, the SMA. In these amendments, the only procedural change made to the SMA was eliminating the requirement that Ecology engage in a formal rule-making procedure when approving SMPs. *See* LAWS OF 1995, ch. 347, § 308. The 1995 amendments now allow Ecology to administratively approve a local jurisdiction's SMP; all other procedural aspects of the SMP process remained the same. Therefore, RCW 36.70A.480(1), a GMA statute discussing the goals of the GMA, does not override numerous provisions of the SMA that provide Ecology with extensive authority over the creation and enactment of a local jurisdiction's SMP.

¶18 WAC 173-26-186(5) is equally unsupportive of CRSP's argument. While Ecology's administrative code mentions that the planning policies of the SMA can be subject to "chapter 82.02 RCW," the administrative code qualifies that the SMA is subject to "chapter 82.02 RCW" only *"where applicable.*" WAC 173-26-186(5) (emphasis added). In this case, RCW 82.02.020 does not apply because Ecology performs the dominant role in creating and adopting SMPs. In short, RCW 82.02.020 is inapplicable. Furthermore, RCW 82.02.020 applies only to taxes, fees, or charges imposed by

local governments, and an administrative rule cannot modify the substance of the SMA or extend the reach of RCW 82.02.020. *Fahn v. Cowlitz County*, 93 Wn.2d 368, 383, 610 P.2d 857, 621 P.2d 1293 (1980) ("Administrative rules may not amend or change enactments of the legislature.") (citing *Kitsap-Mason Dairymen's Ass'n v. Wash. State Tax Comm'n*, 77 Wn.2d 812, 815, 467 P.2d 312 (1970)).

¶19 CRSP's argument that these amendments make SMPs the product of local government action is undercut by the fact that this court has noted Ecology's key role in the development of SMPs even after the amendments to RCW 36.70A.480(1) and WAC 173-26-186(5). In *Biggers*, this court addressed whether a local jurisdiction could impose a moratorium on issuing shoreline permit applications. *Biggers*, 162 Wn.2d at 694. While this court was divided and issued a plurality opinion on whether the moratorium was proper, each opinion in the case noted Ecology's substantial role in the SMP process. *Biggers*, 162 Wn.2d at 696 (J.M. Johnson, J., plurality opinion) (noting "regulation of the use and development of shorelines under the SMA is derived from the [s]tate"); 162 Wn.2d at 706 (Chambers, J., concurring) (noting that "[m]unicipalities possess independent authority to regulate shorelines so long as the regulation does not conflict with the SMA"); 162 Wn.2d at 709 (Fairhurst, J., dissenting) (noting that moratorium did not conflict with the SMA).

¶20 Apart from arguing that the creation of SMPs, in general, is the product of local government, CRSP also argues that the specific buffer zones and buildable lot size restrictions in Whatcom County's SMP should be subject to RCW 82.02.020 because these provisions mirror provisions already existing in the County's CAO. Since CAOs are enacted pursuant to the GMA and may be subject to RCW 82.02.020, CRSP reasons that incorporating the same buffer zones and buildable lot sizes in an SMP derivatively makes those provisions of the SMP subject to RCW 82.02.020

as well. Similarly, the Building Industry Association of Whatcom County (BIAWC) submitted an amicus brief arguing that Whatcom County should not be able to export provisions from its CAO into its proposed SMP. According to BIAWC, allowing Whatcom County to do so would effectively mean that all challenged critical areas regulations would be sheltered from challenge under RCW 82.02.020 because Whatcom County would assert it is acting under the SMA, rather than the GMA, when enforcing these provisions.

¶21 We reject CRSP and BIAWC's contentions because they supply conjecture that misses the focus of question before us. The issue before this court concerns the process underlying the SMP that Whatcom County proposed and Ecology approved. The source of Whatcom County's proposed buffer zones and buildable lot sizes is immaterial in determining whether an SMP is created by local or state action. Regardless of the source from which Whatcom County chooses to draw its SMP setbacks, an SMP must still meet Ecology's established guidelines during review and prior to final approval. Furthermore, CRSP provides no rationale for why specific aspects of a particular SMP would be assailable under RCW 82.02.020 depending on how a local government determined such provisions when the entire SMP undergoes the same review and acceptance process by Ecology.

## CONCLUSION

¶22 We affirm the Court of Appeals. By its terms, RCW 82.02.020 applies to land use regulations and conditions imposed by local jurisdictions. While local jurisdictions play a role in tailoring SMPs to local conditions, the SMA dictates that Ecology retains control over the final contents and approval of SMPs. Therefore, SMP regulations are the

product of state action and are not subject to RCW 82.02.020.

MADSEN, C.J., and ALEXANDER, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, and WIGGINS, JJ., concur.